IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEFEN D. PETZOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-1317-HE |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

## **ORDER**

The Respondent's objections to the Petitioner's revised witness list are sustained in part, denied in part, and deferred in part for oral argument.

Mr. Petzold filed a *pro se* habeas petition, which stated in part that trial counsel was ineffective for:

- deficient legal representation at the hearing on the motion to withdraw the plea,

- failure to seek suppression of evidence, and

- failure to discover evidence involving collusion with the homeowner.

After appointment of counsel, Mr. Petzold's attorney filed a witness list reflecting anticipated testimony in the evidentiary hearing about deficiencies in:

1.   allowing interviews with law enforcement without properly protecting the Petitioner,

2.   failing to investigate the facts of the allegations charged,

3.   writing a prejudicial letter to the sentencing judge,

4.      directing the Petitioner to waive the right to a court reporter at the hearing on a change of plea and the sentencing,

5.      failing to file motions for the Petitioner,

6.      failing to properly inform and advise Mr. Petzold about his options, and

7.      failing to explain plea options and the possible ramifications.

The Respondent objects, arguing that the Petitioner's attorney was unilaterally adding habeas claims without a motion for leave to amend. In light of the objection, the Court directed counsel for Mr. Petzold to clarify whether he intended to amend the petition to include the additional claims. Counsel responded that he was not attempting to amend the petition, but was merely clarifying the grounds asserted in the habeas petition. The Respondent's objections are overruled on theories two and five; sustained on theories one, six, and seven; and deferred on theories three and four.

I.      Theories One, Two, Six, and Seven

Mr. Petzold's attorney argues that the current theories one, two, six, and seven are encompassed by ground four of the habeas petition. The Court agrees with respect to theory two, but disagrees on theories one, six, and seven.

In ground four of the petition, Mr. Petzold alleged that trial counsel was ineffective for failure to discover exculpatory evidence before advising Mr. Petzold to plead guilty. In support, the Petitioner alleged that trial counsel had failed to:

●      discover evidence involving collusion on the part of the homeowner and

●      file a motion to suppress evidence based on illegality in the search.

2

Mr. Petzold's current theory of inadequate investigation was encompassed in ground four of the petition, where  Mr. Petzold had alleged a failure to discover evidence relating to the crime.  But the same cannot be said for the remaining theories.

In his current theories one, six, and seven, the Petitioner alleges that trial counsel had:

- erroneously allowed law enforcement officials to interview Mr. Petzold without proper protection,

- failed to inform the Petitioner of realistic options and provide competent advice, and

- failed to explain plea options and the possible ramifications.[1]

These theories do not relate to allegations that trial counsel had failed to discover evidence of collusion by the homeowner or file a motion to suppress based on illegality in the search. Accordingly, the new theories are not encompassed by ground four.

II.    Theory Five

In current theory five, Mr. Petzold alleges that trial counsel had failed to file motions.[2] The failure to file a motion to suppress was adequately raised in ground three of the habeas petition.[3]  But ground three does not identify any other motions.  Thus, Mr. Petzold cannot allege at this stage that his trial counsel had been ineffective for failure to file any motions other than the one involving suppression of evidence.

---

[1]     *See supra* pp. 1-2.

[2]     *See supra* pp. 1-2.

[3]     *See* Petition at p. 9 "(Trial counsel's failure to move to suppress evidence that was seized illegally denied Petitioner effective assistance of counsel.").

III.    Theories Three and Four

According to Mr. Petzold, ground one of the habeas petition encompasses the current theories three and four.  In ground one, the Petitioner had alleged ineffective assistance of counsel at the hearing on the motion to withdraw the guilty plea.  In support, Mr. Petzold claimed that "the court [had] allowed Petitioner to proceed on appeal with same attorney that provided him with ineffective representation prior to and during the plea hearing, over the objection of Petitioner."[4]  In current theories three and four, Mr. Petzold argued that his attorney had written an *ex parte* letter to the sentencing judge and directed waiver of a court reporter.  The Court will conduct oral argument on the objections to theories three and four.

IV.    Conclusion

The Court accepts the argument by Mr. Petzold's attorney that the current theories two and five are encompassed by grounds three and four of the habeas petition.  But theories one, six, and seven do not relate to the grounds raised in the petition and Mr. Petzold has not moved to amend the petition.  As a result, current theories one, six, and seven will not be entertained at the evidentiary hearing.  The Court will conduct oral argument on the objections to theories three and four.[5]

---

[4]    Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 5 (Nov. 28, 2006) ("Petition").

[5]    The Court Clerk's office will contact counsel to schedule a convenient date and time for the oral argument.

So ordered this 30th day of October, 2007.


_____

Robert E. Bacharach
United States Magistrate Judge