IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEFEN D. PETZOLD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-06-1317-HE |
| | ) | |
| JUSTIN JONES, Director, | ) | |
| | ) | |
| Respondent. | ) | |

**REPORT AND RECOMMENDATION
ON THE DOUBLE JEOPARDY CLAIMS**

The Petitioner, Mr. Stefen Petzold, is a state inmate seeking federal habeas relief

based in part on a violation of the Fifth Amendment's Double Jeopardy Clause. Petition for

a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 7

(Nov. 28, 2006) ("Petition"). The Court should deny relief on the double jeopardy claims.[1]

**BACKGROUND**

In state court, Mr. Petzold pled guilty to three counts of kidnapping, two counts of

robbery with a firearm, and one count of larceny of an automobile.[2] In state court, the

Petitioner unsuccessfully argued that the multiple convictions constituted a violation of the

---

[1]    The undersigned has previously suggested rejection of Mr. Petzold's ineffective assistance claims. Proposed Findings of Fact and Conclusions of Law, *passim* (Aug. 29, 2008).

[2]    Response to Petition for Writ of Habeas Corpus, Exh. 1 (Jan. 25. 2007) (Plea of Guilty and Summary of Facts, *State v. Petzold*, Case No. CF-2001-5842 (Okla. Co. Dist. Ct. executed June 19, 2003)) ("Response"); *see* Petition at p. 1.

Double Jeopardy Clause.[3]  Mr. Petzold reasserts the claims as grounds for federal habeas

relief.

## STANDARD FOR HABEAS RELIEF

Because the Oklahoma Court of Criminal Appeals ("OCCA") addressed the merits

of the double jeopardy claim,[4] the federal district court bears a "secondary and limited" role.

*See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998).  For legal issues like those involved

here, the federal court considers only whether the OCCA's conclusions were "contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined

by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).

The threshold issue is whether federal law clearly establishes the constitutional

protection underlying the Petitioner's claim.  *See House v. Hatch*, 527 F.3d 1010, 1018 (10th

Cir. 2008) ("The absence of clearly established federal law is dispositive under

§ 2254(d)(1).").  "[C]learly established law consists of Supreme Court holdings in cases

where the facts are at least closely-related or similar to the case *sub judice*.  Although the

legal rule at issue need not have had its genesis in the closely-related or similar factual

---

[3]     Response, Exh. 4 (Order Denying Defendant's Motion to Withdraw Pleas of Guilty, *State v. Petzold*, Case No. CF-2001-5842 (Okla. Co. Dist. Ct. Nov. 12, 2003)); Response, Exh. 7 (Summary Opinion Denying Certiorari, *Petzold, v. State*, Case No. C-2003-955 (Okla. Crim. App. Nov. 24, 2004)); Response, Exh. 11 (Order Denying Application for Post-Conviction Relief, *Petzold v. State*, Case No. CF-2001-5842 (Okla. Co. Dist. Ct. Sept. 11, 2006)); Response, Exh. 12 (Order Affirming Denial of Post-Conviction Relief, *Petzold v. State*, Case No. PC-2006-1081 (Okla. Crim. App. Nov. 16, 2006)).

[4]     *See supra* pp. 1-2 & note 3.

context, the Supreme Court must have expressly extended the legal rule to that context." *Id.*

at 1016-17 (footnote & citations omitted).  For this purpose, Supreme Court holdings "must

be construed narrowly and consist only of something akin to on-point holdings." *Id.* at 1015.

In the absence of Supreme Court precedents,  "a federal habeas court need not assess whether

a state court's decision was 'contrary to' or involved an 'unreasonable application' of such

law." *Id.* at 1017.

If Supreme Court precedents do establish the underlying constitutional right, the

federal district court must ask whether the state court decision was contrary to Supreme

Court precedent.  These circumstances may exist when the state court had:

- applied a rule that conflicted with governing Supreme Court holdings or

- reached a conclusion different from the Supreme Court on materially indistinguishable facts.

*See Williams v. Taylor*, 529 U.S. 362, 405-406 (2000) (citation omitted).

If these circumstances are absent, the federal district court must determine whether

the state court decision involved an unreasonable application of Supreme Court precedents.

*See supra* p. 3.  Application of Supreme Court precedent is considered "unreasonable" when

the state court unreasonably extends, or refuses to extend, prior decisions.  *See House v.*

*Hatch*, 527 F.3d 1010, 1018 (10th Cir. 2008).

## DOUBLE JEOPARDY

Mr. Petzold alleges that his convictions violated the Fifth Amendment's prohibition

against double jeopardy because the crimes had involved a single transaction.  Petition at

3

p. 7; Brief of Petitioner at pp. 25-29, *Petzold v. State*, Case No. C-2003-955 (Okla. Crim. App. Apr. 1, 2004) ("Petitioner's *Certiorari* Brief").[5]   The OCCA rejected this claim on the merits,[6] and this determination did not conflict with Supreme Court precedents.

I.      Test Under the Double Jeopardy Clause

In part, the federal double jeopardy clause prohibits "'multiple punishments for the same offense.'"  *Warnick v. Booher*, 425 F.3d 842, 847 (10th Cir. 2005) (citing *Jones v. Thomas*, 491 U.S. 376, 381 (1989)).  When the issue involves multiple punishments, the federal district court must determine whether the sentencing court imposed greater punishment than the legislature intended.  *See id.*  And the federal court is "'bound by a state court's determination of the legislature's intent."  *Burleson v. Saffle*, 292 F.3d 1253, 1255 (10th Cir. 2002) (quoting *Birr v. Shillinger*, 894 F.2d 1160, 1161 (10th Cir. 1990) (*per curiam*)).  "Thus, for purposes of double jeopardy analysis, once a state court has determined that the state legislature intended cumulative punishments, a federal habeas court must defer to that determination."  *Birr v. Shillinger*, 894 F.2d 1160, 1161-62 (10th Cir. 1990) (*per curiam*) (citations omitted).

---

[5]      The Respondent reads the habeas petition to include a double jeopardy claim arising under Oklahoma law.  *See* Response at p. 11.  In his *certiorari* brief, the Petitioner alleged a violation of Oklahoma law.  Petitioner's *Certiorari* Brief at pp. 25-29.  But Mr. Petzold did not assert a state law claim in the habeas petition.  *See* Petition at p. 7 (referencing only the "Double Jepordy [sic] Clause").

[6]      *See supra* pp. 1-2 & note 3.

If the legislature had intended to punish the conduct as distinct offenses, separate sentences would be constitutionally permissible. *See*, *e.g.*, *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 778 (1994). When the legislative intent is unclear, the Court applies the "statutory elements test." *Lee v. Crouse*, 451 F.3d 598, 607 (10th Cir. 2006). This test "requires [the court] to determine whether [the petitioner's] convictions arising under the same statutory provision are based on offenses containing different or the same factual elements of proof." *Dennis v. Poppel*, 222 F.3d 1245, 1251 (10th Cir. 2000) (citations omitted). When two charges involve "distinct and separate elements," the Court can infer that the "Oklahoma legislature [had] intended different offenses and punishments . . . ." *Id.* at 1252.

II.     The Petitioner's Convictions and His Claims

Mr. Petzold was convicted of three counts of kidnapping, two counts of robbery with a firearm, and one count of larceny of an automobile. *See supra* p. 1. According to the Petitioner, all of the charges had arisen out of a single criminal transaction. The Court should liberally construe Mr. Petzold's claims to allege that:

- multiple convictions for kidnapping and robbery with a firearm had violated the Double Jeopardy Clause and

- the State had violated the constitution by combining charges involving larceny of an automobile, kidnapping, and robbery with a firearm.

III.     Absence of Supreme Court Authority for the Petitioner's Claims

The absence of controlling Supreme Court authority is fatal to the Petitioner's double jeopardy claims.

As discussed above, habeas relief is available only if the state appellate court's resolution of the claim was contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court. *See supra* pp. 2-3. Thus, the threshold question is whether "clearly established [f]ederal law" existed in connection with the Petitioner's claims. *See supra* p. 2.

The United States Supreme Court has never extended the Double Jeopardy Clause to multiple punishments for multiple crimes simply because the events had involved a single transaction.   In the absence of controlling Supreme Court authority, habeas relief is unavailable.[7]

IV.     Invalidity of the Double Jeopardy Claims Based on Tenth Circuit Precedents

The Petitioner's double jeopardy claims would remain invalid even if the federal district court were to be guided by Tenth Circuit precedents.

---

[7]     *See Wright v. Van Patten*, ___ U.S. ___, 128 S. Ct. 743, 746 (2008) (*per curiam*) (rejecting a habeas claim because the Supreme Court's prior cases do not clearly dictate an outcome in the petitioner's favor); *Crawley v. Dinwiddie*, 533 F.3d 1226, 1230-31 (10th Cir. 2008) (rejecting a habeas claim because of the absence of a specific Supreme Court holding relevant to the petitioner's claim).

A.      Kidnapping

Prosecutors charged Mr. Petzold with three counts of kidnapping because he had

involuntarily confined three individuals.  For the kidnapping counts, the critical issue is

whether the Oklahoma legislature had intended to authorize separate penalties when an

offender confines multiple victims.  The Court should answer in the affirmative.

The federal district court is bound by the state appellate courts' determination of

legislative intent. *See supra* p. 4.  In considering legislative intent, the OCCA has held that

"[c]rimes against the person are separate and distinct if they are directed at separate

victims."[8]  As a result, the state appeals court has held as a matter of Oklahoma law that a

kidnapping of one individual is considered "separate and distinct" from a robbery against

another person even when the offenses "arise from the same episode or transaction."  *Clay*

*v. State*, 593 P.2d 509, 510 (Okla. Crim. App. 1979), *overruled in part on other grounds*,

*Davis v. State*, 593 P.2d 124, 126 (Okla. Crim. App. 1999).

In light of this determination of Oklahoma law, the habeas challenge to the multiple

kidnapping counts is invalid.  Because the kidnappings involved "crimes against the person"

under Oklahoma law, they were considered "separate and distinct."  In these circumstances,

Mr. Petzold's confinement of three separate individuals would constitute three separate

---

[8]      *Burleson v. Saffle*, 46 P.3d 150, 152 (Okla. Crim. App. 2002); *see also Jennings v. State*, 506
P.2d 931, 935 (Okla. Crim. App. 1973) ("it has long been part of our jurisprudence that, where
crimes against the person are involved, even though various acts are part of the same transaction,
they will constitute separate and distinct crimes where they are directed at separate and distinct
persons").

crimes under Oklahoma law and the existence of multiple counts did not violate the Double

Jeopardy Clause.

> B.      Robbery with a Firearm

Mr. Petzold was also convicted of two counts of robbery with a firearm, with each

count pertaining to a separate victim.  The existence of two counts did not entail a double

jeopardy violation.

As noted above, the crucial issue is whether the Oklahoma legislature had intended

to authorize multiple penalties when two individuals are robbed in a single chain of events.

*See supra* pp. 4-5.  On this issue, the federal district court is bound by the state court's

interpretation of legislative intent.  *See supra* p. 4.

In Oklahoma, the state appeals court addressed the issue in a similar fact-pattern.

*Orcutt v. State*, 3 P.2d 912 (Okla. Crim. App. 1931).  There the defendant and two others

forced two men out of a car.  *See Orcutt v. State*, 3 P.2d at 913.  The defendant held a gun

on the two victims, while both were robbed.  *See id.*  The defendant argued that the robberies

had constituted only "one act" because the events had transpired "practically at the same time

and at the same place." *Id.*  The OCCA rejected the argument, concluding that two separate

offenses had taken place even though they had occurred "at the same place and in rapid

succession." *Id.* at 915.  Examining Oklahoma's robbery statute, the court explained:

> Robbery is a crime against the person, and is so classified in chapter 6,
> article 24, C.O. S. 1921 (sections 1784-1793).  The robbery of W. K. Cottrell
> would not be equivalent to the robbery of W. E. Sturdevant, two different
> persons, because Cottrell could not give his consent to the robbing of

> Sturdevant, nor could Sturdevant give his consent to the robbing of Cottrell, and it would be immaterial whether the robbery of Cottrell was against the consent of Sturdevant or vice versa.  The robbing of Cottrell was an entirely different crime from the robbing of Sturdevant, although committed by the defendant and his codefendants at about the same time as the robbing of Sturdevant.

*Id*. at 915-16.

In light of the Oklahoma appellate court's interpretation of the state robbery statute, the federal district court should conclude that the legislature had intended to allow multiple criminal penalties when an individual robbed two individuals at the same place and in rapid succession.  *See Hutson v. Boone*, 30 F.3d 141, 1994 WL 385150 (10th Cir. July 15, 1994) (unpublished op.);[9] *see also Mansfield v. Champion*, 992 F.2d 1098, 1101 (10th Cir. 1993) (dictum) ("Where two individuals are robbed of separately owned property at the same time and place in one incident, two robbery offenses are committed, and no double jeopardy problems arise." (citations omitted)).  Accordingly, conviction under two robbery counts did not violate the Double Jeopardy Clause.

---

[9]     In *Hutson v. Boone*, the habeas petitioner was convicted in Oklahoma of two counts of robbery with firearms based on a theft perpetrated against a married couple in their home.  *See Hutson v. Boone*, 30 F.3d 141, 1994 WL 385150 (10th Cir. July 15, 1994) (unpublished op.).  The Tenth Circuit Court of Appeals held that conviction on two counts did not constitute a double jeopardy violation, explaining:  "In Oklahoma, robbery is a crime against the person, two victims and the property of each was involved, and, notwithstanding that both were robbed at the same time and place and in a single incident, there is no double jeopardy problem."  *Id*. (citations omitted).

C.      The Combination of Charges Involving Larceny of an Automobile,
        Kidnapping, and Robbery with a Firearm

The petition could also be read to include a separate double jeopardy claim for the

combination of counts involving larceny of an automobile, kidnapping, and robbery with a

firearm.  Because these offenses involved distinct wrongs,[10] the Double Jeopardy Clause

would not prevent imposition of separate penalties for each.[11]

**RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT**

For the reasons discussed above, the Court should reject Mr. Petzold's double

jeopardy claims.

The Petitioner can object to this report and recommendation.  To do so, Mr. Petzold

must file an objection with the Clerk of this Court.  The deadline for objections is October

16, 2008.  *See* W.D. Okla. LCvR 72.1.  The failure to timely object would foreclose appellate

review of the suggested ruling.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.

---

[10]      *See McElmurry v. State*, 60 P.3d 4, 24 (Okla. Crim. App. 2002) (stating that under Oklahoma
law, robbery with a dangerous weapon and larceny of a motor vehicle "are separate crimes for
double jeopardy purposes because each crime contains at least one element not contained in the
other"); *see also Cannon v. State*, 827 P.2d 1339, 1342 (Okla. Crim. App. 1992) (stating under
Oklahoma law that robbery is "distinctively different from . . . larceny of an automobile").

[11]      *See Tucker v. Makowski*, 883 F.2d 877, 879-80 (10th Cir. 1989) (*per curiam*) (holding that
successive prosecutions for armed robbery and kidnapping, arising out of the same transaction, did
not entail a double jeopardy violation because the offenses were considered separate under
Oklahoma law); *see also Mark v. Evans*, 129 F.3d 130, 1997 WL 687687, Westlaw op. at 2 (10th
Cir. Oct. 29, 1997) (unpublished op.) (upholding the federal district court's conclusion that
convictions for robbery with firearms and kidnapping did not involve a double jeopardy violation;
*Hilliard v. Kaiser*, 131 F.3d 151, 1997 WL 758861 (10th Cir. Dec. 9, 1997) (unpublished op.)
(upholding dual punishment under Oklahoma law for larceny and robbery).

1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

**STATUS OF THE REFERRAL**

The referral is terminated.

Entered this 26th day of September, 2008.


*Robert E. Bacharach*

Robert E. Bacharach
United States Magistrate Judge