# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEFEN D. PETZOLD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) NO. CIV-06-1317-HE |
| | ) |
| JUSTIN JONES, Director, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner Stefen D. Petzold, a state prisoner, filed a *pro se* petition pursuant to 28 U.S.C. § 2254 seeking federal habeas relief from his state court convictions. Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred to Magistrate Judge Robert E. Bacharach. After appointing petitioner counsel, conducting an evidentiary hearing, and accepting closing remarks for the hearing in writing, Judge Bacharach issued his Proposed Findings of Fact and Conclusions of Law [Doc. # 63] recommending that the court deny habeas relief as to petitioner's ineffective assistance of counsel claims. Judge Bacharach's subsequent Report and Recommendation [Doc. #66] further recommends that the court deny habeas relief as to petitioner's Fifth Amendment double jeopardy claims.

Petitioner filed an objection to the Proposed Findings of Fact and Conclusions of Law reasserting his ineffective assistance of trial counsel claims and arguing that the Magistrate Judge erred in finding that petitioner was not prejudiced by any alleged inadequacy of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984) and Hill v. Lockhart, 474

U.S. 52, 58-59 (1985).[1]  This court reviews de novo objections to the Proposed Findings of Fact and Conclusions of Law.  28 U.S.C. § 636(b)(1).

"The right to counsel plays a crucial role in the adversarial system embodied by the Sixth Amendment, since access to counsel's skill and knowledge is necessary to accord defendants the ample opportunity to meet the case of the prosecution to which they are entitled."  Strickland, 466 U.S. at 685 (quotation and citations omitted).  "When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88.  Also, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.  "[I]n order to satisfy the 'prejudice' requirement, the [petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.

Petitioner, represented by retained counsel, confessed to kidnapping, armed robbery, and larceny of an automobile, entered a blind guilty plea, and was sentenced to a total of 47 years imprisonment on six felony counts.  After sentencing, petitioner unsuccessfully attempted to withdraw his plea, appealed the denial of his motion to withdraw plea, and then sought post-conviction relief which was denied by the district court.  The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief.

---

[1]*Petitioner, having failed to object to the Report and Recommendation addressing the double jeopardy claim has waived the right to appellate review of the factual and legal issues addressed therein.  United States v. 2121 East 30th Street, 73 F.3d 1057, 1059-60 (10th Cir. 1996).*

As an initial matter, the court declines to adopt petitioner's first, second, and fourth proposed findings of fact. The court finds that all three lack adequate evidentiary support in the record. Petitioner's third proposed finding of fact is moot. The Magistrate Judge's proposed finding of fact #18 already states that petitioner's trial attorney, Ms. Rebecca Schneider, would have proceeded differently in the case if she had realized that petitioner's original confession could have been suppressed.

Petitioner's primary objections center on Ms. Schneider's failure to file a motion to suppress his initial confession and waiver for search of his vehicle and room and her subsequent decision to allow petitioner to make further admissible statements to investigators. The Magistrate Judge thoroughly addressed petitioner's "failure to file a motion to suppress" ineffective assistance claim. For substantially the same reasons set out in the Proposed Findings of Fact, the court agrees that even if Ms. Schneider had filed the motion to suppress, ample evidence of petitioner's participation in the crime would have remained and it is likely that petitioner would still have pled guilty. Thus, petitioner was not prejudiced by any alleged deficiency on Ms. Schneider's part. Further, Ms. Schneider made a tactical choice to allow her client to make voluntary statements to the police. Even assuming the validity of petitioner's assertion that his attorney provided deficient legal representation by presenting him to the police for further questioning,[2] the evidence does not support the conclusion that, but for this alleged error, petitioner would have opted to proceed

---

[2]*The court notes that petitioner has not asserted an ineffective assistance of counsel claim based on the voluntary, represented statements to investigators. Petitioner seems to argue that such conduct is covered in the failure to suppress ineffective assistance claim.*

to trial instead of pleading guilty.

Petitioner's remaining objection reiterates his "failure to investigate" ineffective assistance of counsel claim. This issue was thoroughly and appropriately addressed in the Proposed Findings of Fact. The court adopts the Magistrate Judge's conclusions and recommendations for substantially the same reasons.

Accordingly, the court **ADOPTS** the Proposed Findings of Fact and Conclusions of Law [Doc. #63] and the Report and Recommendation [Doc. #66]. The petition for writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED.**

Dated this 18th day of December, 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE